# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ROBERT HENDRICKS FAULKNER, BY AND THROUGH NEXT FRIEND, ARLENE BAKER v. ROBERT GRAVES AND WIFE, BARBARA GRAVES

### Direct Appeal from the Circuit Court for Gibson County (Humboldt)
### No. H3807      Clayburn Peeples, Judge

### No. W2011-02098-COA-R3-CV - Filed December 19, 2011

The order appealed in this matter is not a final judgment. Appellant failed to respond to this Court's Order permitting Appellant to obtain entry of a final judgment or else show cause why this appeal should not be dismissed for lack of a final judgment. Consequently, we dismiss the appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J.

James Belew Webb, Trenton, Tennessee, for the appellants, Robert Hendricks Faulkner and Arlene Baker.

Kyle C. Atkins, Humboldt, Tennessee, for the appellees, Robert Graves and Barbara Graves.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction, because we could find nothing in the record reflecting that the trial court adjudicated the pleading styled "Plaintiff's Motion to Amend Complaint for Common Law Damages" filed on behalf of Appellant Robert Hendricks Faulkner in the trial court on November 17, 2010.

By Order entered on October 21, 2011, this Court directed Appellants to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. We further directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Our Order of October 21, 2011, also provided that, in the event that Appellants did not obtain entry of a final judgment within the time provided therein, Appellants would have fifteen (15) days from the entry of the Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Moreover, our Order stated "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

The Clerk of this Court transmitted a copy of our Order to Appellants' counsel on October 21, 2011, by certified mail, return receipt requested. Later, the Clerk received the return receipt which indicated that Tabatha Gammons received the mail parcel on behalf of Appellants' counsel on October 25, 2011. As of this date, however, the Clerk of this Court has not received a supplemental record for this matter and Appellants have not otherwise responded to our Order of October 21, 2011. Consequently, this appeal should be dismissed for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Robert Hendricks Faulkner and Arlene Baker, and their surety for which execution may issue if necessary.

## PER CURIAM